

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 07 2026

KEVIN P. WEIMER, Clerk
By:
       Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

POCKETPAIR, INC.,
   Plaintiff,

v.                                               Civil Action No. **1:25-cv-06584-VMC**

**THE PARTNERSHIPS AND**

**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE "A",**
   Defendants.**DUDUCOCO**

---

### NOTICE REGARDING PROCEDURAL CLARITY AND PRACTICAL IMPACT

---

**I. Procedural Timeline and Context**

**December 28, 2025 (Sunday)** — Defendant sent correspondence to Plaintiff seeking defendant-specific clarification regarding Defendant No. 15, including the basis for Plaintiff's allegations and how those allegations were intended to apply to Defendant No. 15. As of the date of this Notice, Defendant has not received a response. See **Exhibit A.**

**December 29, 2025** — Defendant transmitted to Plaintiff a limited written response intended for filing with the Court. See **Exhibit B**.

**December 29, 2025** — Defendant mailed a physical submission to the Court. Due to unforeseen delivery issues compounded by the holiday period, the submission— originally expected to be delivered by **December 31, 2025**—was delivered to the Clerk's Office on **January 5, 2026 (local Georgia time)**. See **Exhibit C**.

**December 31, 2025 (local Georgia time)** — Plaintiff emailed Defendant stating that Plaintiff was revising its allegations as to Defendant No. 15 from trademark infringement to copyright infringement. On the same date, Plaintiff filed an amended complaint reflecting that change added additional evidence, including copyright registration No. PA 2-537-821. **See Exhibit D..**

**Observations Relevant to Procedural Posture**

The sequence above reflects more than a routine clarification of pleadings. Plaintiff's

decision to revise its allegations against Defendant No. 15—from a trademark-only theory to a newly asserted copyright theory—occurred after Defendant had already sought clarification, formulated a procedural response, and transmitted a limited filing based on the operative complaint as originally pled.

The introduction of a copyright theory therefore constitutes a material change in how the conduct attributed to Defendant No. 15 must be evaluated, including for purposes of seeking provisional relief. This shift has also altered the framework under which Defendant assesses potential exposure and evaluates whether, and on what basis, to retain counsel.

**This timing raises a basic concern for Defendant No. 15:** based on the allegations as originally pled at the time of filing, it was not clear to Defendant No. 15 how Plaintiff's request for preliminary relief could be evaluated as to Defendant No. 15, including whether the record at that time supported **(i) likelihood of success on the merits** and **(ii) irreparable harm attributable to Defendant No. 15**. The subsequent amendment, rather than simply clarifying the original theory, appears to add a new infringement theory directed at Defendant No. 15.

**Defendant does not seek a merits ruling at this stage.** Defendant notes only that the **evolving nature of Plaintiff's allegations** has made it difficult for Defendant No. 15 to **understand the precise basis of the claims being asserted**, and to respond on a stable record. **This has affected Defendant No. 15's ability to evaluate the allegations and to respond meaningfully, including in connection with Plaintiff's request for preliminary relief.**

---

## II. Limited Purpose of This Notice

Defendant submits this Notice solely to preserve a narrow procedural issue on the record. Defendant does not request any ruling, adjudication, or substantive relief, and nothing herein should be construed as a motion or an argument on the merits.

Defendant files this Notice because Plaintiff's evolving characterizations of Defendant No. 15 and of the asserted infringement theory have made it difficult for Defendant to understand the basis of the claims being asserted. In different portions of the pleadings, Defendant appears to be described at various times as **(i) a single Amazon seller account identified in Schedule A; (ii) an underlying individual or legal entity to which one or more seller accounts are attributed; or (iii) a participant in a broader, coordinated network inferred from alleged "seller aliases" or shared identifiers.** Defendant does not understand which characterization Plaintiff intends to apply to Defendant No. 15 for purposes of liability or relief.

As a practical matter, these shifting characterizations materially affect how Defendant's potential exposure would be evaluated, how any requested monetary or injunctive relief would be attributed to Defendant No. 15, and how the elements relevant to provisional relief—such as likelihood of success, irreparable harm, balance of equities, and the public interest—could be meaningfully assessed. **This lack of stability required Defendant to adjust the direction of its efforts to seek counsel as of December 31, 2025, and has made it difficult for Defendant to evaluate risk or to seek or retain counsel in a meaningful way.**

Defendant submits the following observations only to explain that difficulty and to preserve it on the record.

### III. Shifting Infringement Theory as Applied to Defendant No. 15

Defendant respectfully notes that Plaintiff's infringement theory as applied to Defendant No. 15 has shifted over time. Plaintiff's earlier allegations appeared to proceed on trademark-related theories, while later pleadings and communications characterize Defendant No. 15 as having engaged in copyright infringement.

Defendant does not understand the basis for this shift, nor does Defendant understand what specific conduct Plaintiff now contends constitutes copyright infringement by Defendant No. 15. The pleadings do not appear to identify defendant-specific acts, works, or factual allegations explaining how Defendant No. 15 allegedly infringed any particular copyrighted work, as opposed to generalized or collective allegations directed at "Defendants."

As a result, Defendant does not understand what legal theory is being applied to Defendant No. 15, what elements Plaintiff contends are satisfied as to Defendant No. 15, or how Defendant can meaningfully evaluate exposure or seek counsel when the asserted theory itself appears to change without defendant-specific explanation.

### IV. Practical Impact; Reservation of Rights

**Defendant further does not understand how the relief sought by Plaintiff— including any monetary damages, asset restraints, or injunctive relief—would be attributed specifically to Defendant No. 15, given Plaintiff's collective pleading approach and the absence of Defendant-specific allegations identifying which conduct is attributable to Defendant No. 15.**

**Defendant also does not understand how Plaintiff contends that any alleged**

infringement by Defendant No. 15 was willful. Plaintiff's amended pleadings do not appear to allege any Defendant-specific facts showing that Defendant No. 15 had knowledge of the asserted copyrights, acted with intent, or engaged in deliberate misconduct. Defendant further does not understand how Plaintiff contends that Defendant No. 15 infringed any copyright at all, where the pleadings do not describe what specific act by Defendant No. 15 is alleged to constitute copyright infringement.

In this regard, Defendant notes that Plaintiff relies on copyright registration No. PA 2-537-821, which reflects an effective date of June 27, 2025 and a registration decision date of June 30, 2025. Defendant observes that the product identified as relating to Defendant No. 15 was listed for sale in or around August 2024, well before the referenced registration became effective. Defendant does not understand how Plaintiff contends that Defendant No. 15 could have knowingly or willfully infringed a copyright registration that did not yet exist at the time of listing.

Taken together, the shifting infringement theories, the lack of Defendant-specific attribution, the absence of any description of how Defendant No. 15 allegedly infringed a copyrighted work, and the timing of the asserted copyright registration have made it difficult for Defendant to assess potential exposure or to seek or retain counsel in a meaningful way.

Defendant submits this Notice solely to preserve procedural clarity and the practical difficulties described above. Defendant does not request any order or substantive relief and respectfully reserves all rights and defenses.

### V. Current Settlement Posture

Defendant notes that settlement discussions have occurred and that Defendant has expressed a willingness to resolve the matter. Defendant has requested confirmation regarding specific settlement terms in order to proceed with execution and payment. As of [**2026/1/6**], Plaintiff has not indicated whether those terms are acceptable. As a result, Defendant is presently unable to proceed with performance.

Dated: **2026/1/6**

Respectfully submitted,
**DUDUCOCO**
Defendant No. 15

EMAIL: lishuai380987462@gmail.com

Certificate of Service on Plaintiff: Served on January 6, 2026 (Beijing Time), which corresponds to January 5, 2026 in Georgia local time.



Exhibit A.



Exhibit B.



Exhibit C.



## Exhibit D



FROM: (706) 733-1002
FedEX Office

262 Robert C Daniel Jr Pkwy

Augusta GA 30909
US

SHIP DATE: 06JAN26
ACTWGT: 0.07 LB
CAD: 251115902/WSXI3600

BILL 3rd PARTY

TO **Clerk Clerk s Offices**
**FXO**

**75 Ted Turner Drive SW 2211 United**

**Atlanta GA 30303**
**(404) 215-1394**     REF:
INV:
PO:                    DEPT:

(US) 58HJ3/3A83/59F2




FedEx Ground

J254025092401uv

TRK# 3974 8237 3830

30303

9622 0417 3 (000 000 0000) 0 00 3974 8237 3830

